IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ADRIAN GUTIERREZ,<br><br>        Plaintiff,<br><br>vs.<br><br>KIMZEY CASING SERVICE, LLC, a Texas limited liability company,<br><br>        Defendant. | ORDER TO SHOW CAUSE and MEMORANDUM DECISION<br><br><br><br>Case No. 2:10-CV-1064 CW |

"To ensure its Article III power is exercised properly, a federal court must, 'in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction.'" *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citation omitted). In this case, Defendant Kimzey Casing Service LLC purports to remove this action pursuant to 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. Kimzey Casing's notice of removal is, however, insufficient on its face. In its notice, Kimzey Casing asserts that the "amount plaintiff claims is in controversy *appears* to exceed $75,000"(Notice of Removal, Dkt. No. 2, at 1-2, emphasis added). Kimzey Casing then explains that while the complaint does not specify the amount of damages sought, it does allege that Plaintiff was seriously injured.

Of course, the question is not whether the amount appears to exceed the jurisdictional

threshold, but whether Kimzey Casing as the proponent of federal jurisdiction has established the necessary jurisdictional facts. For a party to remove a complaint that does not expressly state the amount of damages asserted, the party must present facts and analysis that convince the court "by a preponderance of the evidence" that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Here, Kimzey Casing does not commit to a factual and legal analysis to try to show by a preponderance that the damages are over $75,000. Instead, Kimzey Casing merely avers that courts may consider "a combination of the facts and theories of recovery to find that the amount is likely to exceed $75,000," (*Id.* at 2), points out that Plaintiff alleges a fairly serious injury, and implicitly asks the court to undertake the necessary factual and legal analysis by itself. Such a notice is insufficient to support removal.

Accordingly, Kimzey Casing is hereby ORDERED to show cause why this case should not be remanded to state court. Kimzey Casing's response, including any motion to amend the notice of removal, is due by January 5, 2011. Any subsequent briefing, if such is called for and desired by the parties, shall follow the normal course under the federal rules.

**ORDER**

SO ORDERED this 20th day of December, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge