IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADRIAN GUTIERREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>KIMZEY CASING SERVICE, LLC, a Texas limited liability company,<br><br>    Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:10-CV-1064 CW |

In its previous order to show cause, the court concluded that Defendant Kimzey Casing Service LLC's notice of removal was insufficient on its face because although it is based upon diversity, it did not clearly assert facts that showed by a preponderance of evidence that the amount in controversy in this action exceeds $75,000. The court ordered Kimzey Casing to show cause why this case should not be remanded to state court for this failure.

In its response, Kimzey Casing argues that the complaint and a doctors' reports relating to Plaintiff's injuries show that over $75,000 is at issue in this action. First, Kimzey Casing notes that Plaintiff has alleged in his complaint that his injuries were serious, and that he requested damages including pain and suffering, loss of enjoyment of life, and disability. Kimzey Casing describes Plaintiff's injury as a broken leg and a significant heel injury. Second, Kimzey Casing attached reports from a physician that discuss the injury to the Plaintiff and the Plaintiff's

symptoms and prognosis at the time of the reports. While Kimzey Casing asserts that the court should conclude from the complaint and reports that over $75,000 is at issue in this action generally, Kimzey Casing does not assign any amount of monetary to the categories of injuries for which Plaintiff seeks damages.

There are cases in which it is appropriate for a court to look at the allegations in a complaint that does not specify how much is being sought and nonetheless conclude that over $75,000 is at issue. For example, in *McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008), the Tenth Circuit reasoned in *dicta* that a complaint alleging wrongful death exceeded the jurisdictional amount even though the complaint did not specify the amount of damages sought.

It is also appropriate for courts to consider "other documentation," such as affidavits and interrogatories, in forming a "basis for determining the amount in controversy." *Id.* at 956. In *McPhail*, the Tenth Circuit relied upon a settlement correspondence in which Plaintiff's attorney agreed that over $75,000 was at issue to conclude that the threshold had been met. *See id.* at 957.

In this case, neither the face of the complaint nor the documentary evidence shows by a preponderance of the evidence that over $75,000 is at issue. While the face of the complaint describes the injuries as serious and asks for several types of damages, the extent of the injuries is ambiguous on the complaint's face. Given that the complaint asserts that the immediate treatment costs "exceed[ed] $3,000" (Complaint, Dkt. No. 2-1, at 4), it is not improbable that less than $75,000 could be at issue. While the various categories of damages could conceivably push up a potential recovery, the complaint alone leaves the court unsure as to how much Plaintiff might recover.

Moreover, on their own, the doctor's reports attached to Kimzey Casing's response are

2

also insufficient to show that the threshold is met. Without question, the extent of the injuries and pain reported by the physician appear to be significant. But the court has no basis upon which to extrapolate the facts contained in the reports into any amount of potential monetary recovery. For example, while Kimzey Casing highlights parts of the reports detailing therapy, inability to return to work, pain and scarring, it gives the court no information about what similarly situated plaintiffs typically recover for those types of damages. Accordingly, it seems equally as plausible to the court that the reports support a recovery of less than $75,000 than they do a recovery for over that amount.

As a closing note, the court agrees that it is certainly possible that over $75,000 is at issue in this action. But as explained in *McPhail*, when a complaint does not specify the amount of damages sought, it is the burden of the party seeking removal to convince a court by the preponderance of the evidence that over $75,000 is at issue. *See* 529 F.3d 954-55. Here, rather than offer the court any guidance about the possible amount of recovery related to any requested category of damage, Kimzey Casing essentially asks the court to itself to conclude that over $75,000 is at issue from the complaint and the doctor's reports. As explained, such an extrapolation is appropriate in cases, such as wrongful death suits, where it is obvious that over $75,000 is in controversy. Here, however, it is not obvious how much is at stake and without guidance from Kimzey Casing, it would be speculation to conclude that it is over $75,000. Accordingly, Kimzey Casing has failed to show that the amount in controversy requirement has been met in this action and this case should be remanded to state court.

**ORDER**

For the reasons described above, this action is REMANDED to the Utah State court from

which it was removed.

SO ORDERED this 28th day of February, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge